Mara D. Curtis (SBN 268869)
Fatemeh S. Mashouf (SBN 288667)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: mcurtis@reedsmith.com
       fmashouf@reedsmith.com

Attorneys for Defendant
MAGELLAN HRSC, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CHRISTIE COFFIN, KIMBERLY WILLMOTT, and BRENDA KASATY individually, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAGELLAN HRSC, INC., an Ohio Corporation; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No. 37-2019-00030724-CU-OE-CTL<br><br>[Assigned for all purposes to the Honorable Richard E.L. Strauss, Department 75]<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   June 14, 2019<br>Trial Date:   None |

2-1

Defendant MAGELLAN HRSC, INC. ("Magellan" or "Defendant") answers the unverified First Amended Complaint for Damages ("Complaint") filed by Plaintiffs Christie Coffin, Kimberly Willmott, and Brenda Kasaty (collectively, "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies every allegation in the Complaint, including that this action may be maintained as a class action on behalf of others, and further denies that Plaintiffs, or anyone else on whose behalf the Complaint is brought, has suffered any injury, damage or loss by reason or any act or omission of the Defendant.

Without waiving or excusing any of the burdens of proof and production of evidence of Plaintiffs and/or the putative class, and without admitting that Defendant has any burden of proof, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each cause of action pleaded, fails to state facts sufficient to constitute a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendant alleges, based on information and belief, that Plaintiffs' Complaint, or portions thereof, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Business & Professions Code § 17208, and California Code of Civil Procedure §§ 338, 339, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

(No Standing)

3. Defendant alleges, based on information and belief, that Plaintiffs lack standing to sue Defendant on behalf of themselves or the other putative class members, with respect to Plaintiffs' Complaint or portions thereof.

### FOURTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

4. Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class failed to take reasonable advantage of available procedures to prevent and correct any alleged wage and hour violations, and, therefore, Plaintiffs' and/or the putative class' damages claims are barred, in whole or part, by the avoidable consequences doctrine.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

5. Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiffs' and the putative class' own acts and/or omissions.

### SIXTH AFFIRMATIVE DEFENSE

(No Injury)

6. Defendant alleges, based on information and belief, that Plaintiffs' causes of action are barred in whole or in part to the extent Plaintiffs and/or the putative class sustained no injury or damages as a proximate result of a knowing and intentional violation.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

7. Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class has failed to mitigate, minimize, or avoid their purported damages. Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

2-3

- 3 -

### EIGHTH AFFIRMATIVE DEFENSE

(*De Minimis* Time)

8. Although Defendant denies that it owe any amounts to Plaintiffs, or to any other putative class member, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that to the extent Plaintiffs and/or other putative class members were not paid for all hours worked for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

### NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

9. Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class are barred to the extent that any award in this action is speculative and uncertain or would constitute unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

(Good Faith Defense)

10. Defendant alleges, based on information and belief, that at all times relevant to Plaintiffs' Complaint Defendant had good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiffs and/or the putative class based on the allegations in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith Dispute)

11. Although Defendant denies that it owe any amounts to Plaintiffs, or to any other putative class member, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiffs, or to other putative class members.

### TWELFTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

12. Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class are not entitled to recover any punitive, double or exemplary damages, and any such

allegations should be stricken to the extent Plaintiffs failed to plead and cannot prove facts sufficient to support an award of punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

13. Defendant alleges, based on information and belief, that Plaintiffs' and/or the putative class' punitive damage claims are barred and should be stricken to the extent they are unconstitutional under the California and United States Constitutions.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Conduct of Others)

14. Although Defendant denies that Plaintiffs and/or the putative class have been damaged in any way, if it should be determined that Plaintiffs and/or the putative class have been damaged, then Defendant alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Defendant was not and is not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

15. Without conceding Plaintiffs and/or the putative class members are owed any amount, and as to all of Plaintiffs' causes of action, Defendant alleges, based on information and belief, that it is entitled to offset against any judgment that may be entered against it certain amounts previously paid to Plaintiffs and/or the putative class.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

16. Defendant alleges, based on information and belief, that Plaintiffs and/or the putative class members are not entitled to equitable relief because they have an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction and/or Release)

17. Defendant alleges, based on information and belief, that the purported causes of action of Plaintiffs and certain putative class members are barred, in whole or in part, based on one

2-5

or more accords and satisfactions between them and Defendant and/or releases given by Plaintiffs and such putative class members.

### EIGHTEENTH AFFIRMATIVE E DEFENSE
(Res Judicata)

18. Defendant alleges, based on information and belief, that the purported claims are barred, in whole or in part, by the doctrine of res judicata.

### NINETEENTH AFFIRMATIVE DEFENSE
(Exempt)

19. Defendant alleges, based on information and belief, that Plaintiffs' Complaint, or portions thereof, is barred because Plaintiffs and/or the putative class were/are exempt from such provisions.

### TWENTIETH AFFIRMATIVE DEFENSE
(Excessive Fines)

20. Defendant alleges, based on information and belief, that to the extent that Plaintiffs and/or the putative class seek the recovery of penalties, any such award would be barred by the excessive fines provisions of the California and United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Safe Harbor)

21. Defendant alleges, based on information and belief, that Plaintiffs' and/or the putative class' claims are barred, in whole or in part, because of Defendant's compliance with all applicable laws, statue, and regulations, said compliance affording Defendant a safe harbor to any claim, including any claim under the California Business and Professions Code Sections 17200, *et seq.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Practice Not Unfair)

22. Defendant alleges, based on information and belief, that Plaintiffs' and/or the putative class' claims are barred, in whole or in part, because Defendant's business practices were not unfair within the meaning of California Business and Professions Code Sections 17200, *et seq.* The utility

2-6

and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiffs and/or the putative class.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Exclusive Concurrent Jurisdiction)

23. Defendant alleges, based on information and belief, that the claims of Plaintiffs and/or the putative class are barred, in whole or in part, because there is another action pending between Plaintiffs and/or the putative class or certain of them, and Defendant thereby barring this action, in whole or in part, under Code of Civil Procedure section 430.10(c), the common law doctrine of exclusive concurrent jurisdiction, and/or the inherent discretion of this Court to manage its own docket.

### ADDITIONAL DEFENSES

24. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses and, therefore, it reserves the right to assert additional defenses if discovery indicates that additional defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed in its entirety and that Plaintiffs take nothing by reason thereof;

2. That Defendant recovers its costs of suit incurred herein;

3. That Defendant recovers its reasonable attorneys' fees incurred herein;

4. That judgment be entered in favor of Defendant; and

5. For such other and further relief as the Court deems just and proper.

Dated:   July 16, 2019          REED SMITH LLP

By: /s/ Mara D. Curtis
Mara D. Curtis
Fatemeh S. Mashouf
Attorneys for Defendant
MAGELLAN HRSC, INC.